HARDIMAN, Circuit Judge,
concurring in part and concurring in the judgment.
I join all but Section III-A-2 of the opinion of the Court, and I concur in the judgment in full. Because the loss amount calculation in a DBE fraud case of this kind is governed by Application Note 3(A) *184 to § 2B1.1 of the Sentencing Guidelines, I would hold that the “government benefits” provision does not apply here.
In United States v. Nathan, we characterized as “fraudulent procurement” a contractor’s false statements to the Government that it would comply with the Buy American Act by not using foreign components in performing the contracts at issue. 188 F.3d 190, 194, 210 (3d Cir.1999); see also United States v. Biberfeld, 957 F.2d 98, 99 (3d Cir.1992) (describing as procurement fraud a contractor’s concealment of the fact that his supplies originated in Pakistan). As in Nathan, the defendants here conspired to lie to the Government about their compliance with federal regulations in order to receive contracts that otherwise would have gone to others. This is classic procurement fraud.
The Sentencing Guidelines make clear that the loss calculation in a procurement fraud case is covered by the “general rule” of Application Note 3(A). A subdivision of that note, Note 3(Á)(v)(II), specifically addresses how Note 3(A) is to be applied in procurement fraud cases. This suggests that Note 3(F)(ii), a “special rule” designed for cases involving the fraudulent receipt of public benefits like welfare payments, has no place in a procurement fraud case. I would therefore vacate and remand for the District Court to apply Note 3(A) in accordance with the guidance provided by the Court in Section III-A-1 of its opinion.